IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
RONALD G. JOHNSON,                    :
                                      :
          Plaintiff,                  :
                                      :
                                      :
                v.                    : Civil Action No. 09-007-JJF
                                      :
WARDEN PHIL MORGAN, BUREAU            :
OF PRISONS, and HOWARD R.             :
YOUNG CORRECTIONAL                    :
INSTITUTION,                          :
                                      :
          Defendants.                 :
```

Ronald G. Johnson, <u>Pro</u> <u>se</u> Plaintiff.  Wilmington, Delaware.

**MEMORANDUM OPINION**

July 16, 2009
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ronald G. Johnson ("Plaintiff"), a former inmate
at the Howard R. Young Correctional Institution ("HRYCI"),
Wilmington, Delaware, filed this civil rights action pursuant to
42 U.S.C. § 1983.  (D.I. 2.)  He appears pro se has been given
leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.
For the reasons discussed below, the Court, will dismiss the
claims against the Bureau of Prisons ("BOP"") and the HRYCI as
frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1), and will allow Plaintiff to proceed against
Defendant Warden Phil Morgan ("Warden Morgan").

## I.  BACKGROUND

Plaintiff, who is no longer incarcerated, alleges that he
was held in prison on a false charge of violation of probation.
He wrote to Warden Morgan on numerous occasions, to no avail.
The Delaware BOP and the HRYCI are also named as defendants.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  When a
prisoner seeks redress from a government defendant in a civil
action, 28 U.S.C. § 1915A provides for screening of the Complaint
by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)
provide that the Court may dismiss a complaint, at any time, if
the action is frivolous, malicious, fails to state a claim upon

2

which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Id. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d at 235 (quoting Twombly, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

4

### III.  DISCUSSION

Plaintiff's claims against the Delaware BOP and the HRYCI are barred by the State's Eleventh Amendment immunity.  See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001).  The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).  The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.   Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted). Consequently, Plaintiff's claims against the BOP and the HRYCI have no arguable basis in law or in fact, are frivolous and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV.  CONCLUSION

For the above reasons, the claims against the Delaware BOP and the HRYCI will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Plaintiff will be allowed to proceed against Warden Morgan.

An appropriate Order will be entered.