# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 09-007-LPS |
| WARDEN PHIL MORGAN, | : |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court is the Plaintiff's Request for Counsel and Response to the Court's Show Cause Order. (D.I. 20, 27, 28.) For the reasons given below, the Court will deny the Request for Counsel and finds that the Plaintiff has shown cause why the case should not be dismissed.

## I. BACKGROUND

The Plaintiff, Ronald G. Johnson ("Johnson"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Johnson was incarcerated at the time he filed this lawsuit. He was released in August 2009, but recent filings indicate that he is incarcerated once again. Presently before the Court is his Request for Counsel and response to the Court's June 25, 2010 Order to show cause why the case should not be dismissed for failure to prosecute and to provide a current address. (D.I. 27, 28.)

1

## II. <u>REQUEST FOR COUNSEL</u>

Johnson seeks counsel on the basis that he moved several times in the last two months and a no contact order kept him away from his own address. He claims that he is mentally ill and unable to handle his cases. (D.I. 20.) Johnson provided documentation that he was an outpatient and received treatment at Connections, a community support program. (D.I. 30.) The Defendant Warden Phil Morgan ("Morgan") opposes the Motion. (D.I. 22.)

Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

2

case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Johnson's Motion, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. The filings in this case demonstrate Johnson's ability to articulate his claims and represent himself. While he may receive mental health treatment, to date, there is no indication that he is unable to represent himself. Finally, Johnson is a frequent filer in this Court and has always ably represented himself. Thus, in these circumstances, the Court will deny without prejudice to renew Johnson's Request for Counsel. (D.I. 20.)

### III. <u>SHOW CAUSE ORDER</u>

On June 25, 2010, the Court ordered Johnson to show cause why this case should not be dismissed for his failure to prosecute and to inform the Court of his current address. (D.I. 27.) Johnson responds that he had a mental breakdown, was prohibited from going to his residence to obtain his legal documents, and arrested several times through no fault of his own. Based upon Johnson's representations, the Court finds that he has provided cause for his inaction in the case.

### IV. <u>CONCLUSION</u>

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Plaintiff's Request for Counsel (D.I. 20) is DENIED without prejudice to renew.

2.  The Court finds that the Plaintiff has shown cause why his case should not be dismissed for failure to prosecute.

Dated: 9\8\10

_____
UNITED STATES DISTRICT JUDGE